# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| JAMEL HUMPHREY, | |
| Petitioner, | |
| VS. | NO. 3:10-CV-21 (CDL) |
| SHEILA OUBRE, | |
| Respondent. | Proceedings Under 28 U.S.C. §2254<br>Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the court is respondent Sheila Oubre's motion seeking dismissal of the above-captioned petition. Doc. 12. Respondent contends that the petition is due to be dismissed as untimely according to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §2244(d). Because the record before the Court shows that the petition was filed more than one year after Petitioner's convictions became final, it is hereby **RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED**.

## FACTUAL AND PROCEDURAL HISTORY

On July 2, 1997, petitioner Humphrey was indicted by a Clarke County, Georgia grand jury for the offenses of malice murder and felony murder. Thereafter, the State gave notice of its intent to seek the death penalty. Pursuant to a negotiated plea agreement, and in order to avoid a possible death sentence, Petitioner entered a guilty plea to the offense of malice murder on July 31, 1998. Pursuant to the plea contract, he received a sentence of life without parole for a term of twenty-five (25) years.

On January 26, 2007 Petitioner filed a Motion in Arrest of Judgment in the trial court which was denied January 31, 2007. On February 13, 2007, he filed a Motion for Out of Time Appeal. On March 26, 2008, this motion was denied. On October 1, 2008, Petitioner filed a Remotion for

Out of Time Appeal. This motion was denied on January 31, 2010.

On July 23, 2007, during the pendency of his initial motion seeking an out of time appeal, Petitioner filed a "summary judgment action" in the Superior Court of Hancock County, Georgia. The state court treated the novel pleading as a habeas corpus petition, found that Petitioner's claims were not cognizable in habeas corpus, and dismissed the petition on May 19, 2008. On September 8, 2008, the Supreme Court of Georgia denied Petitioner's subsequently filed application for a certificate of probable cause to appeal this denial.

On December 4, 2008, during the pendency of his Remotion for Out of Time Appeal, Petitioner filed an application for a writ of habeas corpus in the Superior Court of Gwinnett County, Georgia. The respondent in that case moved to dismiss the petition as untimely. The matter came on for a hearing on April 23, 2009. On May 21, 2009, the respondent's motion was granted and the petition dismissed. On January 11, 2009, the Supreme Court of Georgia denied Petitioner's subsequently filed application for a certificate of probable cause to appeal. On March 1, 2010, Petitioner executed the instant federal petition. Respondent Oubre then filed the instant motion seeking dismissal.

## DISCUSSION

Because the instant federal petition was filed outside the applicable limitations period, and because the petitioner has failed to show any cause for tolling the limitations period, the petition must be dismissed. The AEDPA sets forth a one (1) year period of limitations for filing an application for a writ of habeas corpus for a person in custody pursuant to the judgment of a state court. 28 U.S.C. §2244(d)(1). This limitations period begins to run on the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

> removed, if the applicant was prevented from filing such by State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. In calculating the limitations period, courts do not count any time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In this case, Petitioner's convictions became final no later than Monday, August 31, 1998, the first business day after the thirty (30) day period for filing a notice of appeal pursuant to O.C.G.A. § 5-6-38 expired. Consequently, and in accordance with 28 U.S.C. §2244(d), Petitioner had until August 31, 1999 in which to file a state collateral attack or federal petition. Petitioner failed to file any such action within that time period. As such, consideration of this petition on its merits would be permitted only upon a showing by Petitioner that he is actually innocent or that he is entitled to the extraordinary remedy of equitable tolling.

In his response to the instant motion, and with respect to the issue of timeliness, Petitioner raises two arguments. The first argument involves Petitioner's assertion that his petition was, in fact, timely filed. The basis of this argument is his observation that his "remotion for out of time appeal" was not ruled upon by the trial court until January 31, 2010. This argument is without merit. Petitioner's Motion in Arrest of Judgment and Motion for Out of Time Appeal were filed in 2007, more than eight years after his conviction became final. Even if these motions might be regarded as properly filed state post-conviction challenges, neither was filed prior to the expiration of the one (1) year period of limitations.

Petitioner's second argument involves his implied assertion that he is entitled to equitable

tolling. In support, Petitioner alleges that he was not mentally competent at the time he entered his guilty plea. Petitioner goes on to allege that the prosecutor, trial judge, and even his own defense attorney conspired to force him to enter the plea, despite their awareness of his alleged mental incompetence. For these reasons, Petitioner contends that it would be unjust for this court to refuse to consider the instant petition.

Petitioner's assertions concerning his mental status at the time of his plea are insufficient to show that he is entitled to equitable tolling of the limitations period. To be entitled to equitable tolling, a party must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010) (*quoting* Pace v. Diguglielmo, 544 U.S. 408, 418 (2005)). Petitioner's assertions regarding his mental capacity do not explain his failure to file a state collateral attack for more than eight (8) years after his convictions became final. Petitioner has thus failed to show that he has pursued his rights diligently. Accordingly, **IT IS RECOMMENDED** that the respondent's motion seeking dismissal be **GRANTED** and the instant petition **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The Clerk is directed to serve the petitioner at the last address provided by him.

**SO RECOMMENDED**, this 30th day of November, 2010.

                                               s/ Charles H. Weigle
                                               Charles H. Weigle
                                               United States Magistrate Judge